## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT F. KENNEDY, JR.,<br>c/o Siri & Glimstad LLP<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br><br>                     Plaintiff,<br>   -against-<br><br>DEPARTMENT OF HOMELAND SECURITY,<br>245 Murray Drive, SW<br>Washington, DC 20528-0655<br><br>-and-<br><br>UNITED STATES SECRET SERVICE,<br>245 Murray Lane, SW, Building T-5<br>Mail Stop 8205<br>Washington, DC  20223<br>                     Defendants. | Civil Action No. 1:24-cv-1777 |

## COMPLAINT

Plaintiff Robert F. Kennedy, Jr. ("**Plaintiff**") brings this action against Defendants Department of Homeland Security ("**DHS**") and United States Secret Service ("**USSS**" together with DHS, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**") and to produce records to which Defendants granted expedited processing. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.      Plaintiff is a current presidential nominee. He is the son of U.S. Attorney General

and Senator Robert F. Kennedy and the nephew of U.S. President John F. Kennedy.

4.      Defendant DHS is an agency within the Executive Branch of the United States

Government. DHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession,

custody, and control of records to which Plaintiff seeks access.

5.      Defendant USSS is an agency within the Executive Branch of the United States

Government. USSS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession,

custody, and control of records to which Plaintiff seeks access.

6.      On March 1, 2024, Plaintiff sent an expedited FOIA request to DHS seeking copies

of the following records for the period on or after August 9, 2023:

> (1)      All risk assessment reports by the Secret Service regarding
> Robert F. Kennedy, Jr.;
> (2)      All communications (including emails, memos, electronic
> chat, text messages, etc.) sent or received regarding any request for
> protection made pursuant to 18 U.S.C. 3056(a)(7) (including sent or
> received by Alejandro Mayorkas, Kimberly O'Connor, and/or
> Kristie Canegallo);
> (3)      All records (including risk assessment reports) provided to
> the committee identified in 18 U.S.C. 3056(a)(7) regarding any
> request for protection pursuant to 18 U.S.C. 3056(a)(7);
> (4)      All requests for protection made pursuant to 18 U.S.C.
> 3056(a)(7); and
> (5)      All reports or recommendations (including from any
> advisory committee) consulted, reviewed, or relied upon by the
> Secretary of Homeland Security to approve or deny any request for
> protection made pursuant to 18 U.S.C. 3056(a)(7).

(**Exhibit A.**)

7.      On March 1, 2024, Plaintiff sent an expedited FOIA request to USSS seeking copies

of the following records for the period on or after August 9, 2023:

2

(1)     All risk assessment reports by the Secret Service regarding Robert F. Kennedy, Jr.;

(2)     All communications (including emails, memos, electronic chat, text messages, etc.) sent or received regarding any request for protection made pursuant to 18 U.S.C. 3056(a)(7) (including sent or received by Alejandro Mayorkas, Kimberly O'Connor, and/or Kristie Canegallo);

(3)     All records (including risk assessment reports) provided to the committee identified in 18 U.S.C. 3056(a)(7) regarding any request for protection pursuant to 18 U.S.C. 3056(a)(7);

(4)     All requests for protection made pursuant to 18 U.S.C. 3056(a)(7); and

(5)     All reports or recommendations (including from any advisory committee) consulted, reviewed, or relied upon by the Secretary of Homeland Security to approve or deny any request for protection made pursuant to 18 U.S.C. 3056(a)(7).

(**Exhibit B.**)

8.      For both requests, Plaintiff sought expedited processing pursuant to DHS/FOIA regulation, 6 C.F.R., Chapter I, Part 5 § 5.5, as requests involved "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." 6 C.F.R. § 5.5(e)(1)(i).

9.      On March 4, 2024, DHS granted Plaintiff's request for expedited processing and advised the request was being transferred to USSS. (**Exhibit C.**)

10.     On March 4, 2024, USSS likewise granted Plaintiff's request for expedited processing recognizing the "compelling need" of Mr. Kennedy. (**Exhibit D.**)

11.     On April 19, 2024, more than a month later and after multiple requests by Plaintiff for an estimated the date of completion, the U.S. Department of State provided an estimated date of completion of October 20, 2025 for an expedited request. (**Exhibit E.**)

12.     Now, two months after recognizing a reasonable expectation of a threat to the life or safety of Plaintiff, Defendants have not fulfilled their obligations under FOIA and have not provided records or a final response to Plaintiff on either request.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges the previous paragraphs as if fully stated herein.

14.     Defendants have failed to produce responsive records "as soon as practicable" pursuant to 5 U.S.C. § 552 (a)(6)(E)(iii). Therefore, Plaintiff is deemed to have exhausted his administrative remedies.

15.     Defendants failed to make a determination on Plaintiff's requests within the time limits set forth by FOIA; therefore, Plaintiff is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(C)(i).

16.     Defendants are in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Declare that Defendants' continued delay in processing Plaintiff's expedited FOIA requests is unlawful under FOIA;

b.      Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to a broad interpretation of Plaintiff's FOIA request;

c.      Order Defendants to produce within one (1) business day of the Court's order any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e.      Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g.      Grant Plaintiff such other relief as the Court deems just and proper.

Dated:   June 18, 2024                    SIRI & GLIMSTAD LLP

                                          _/s/ Aaron Siri_
                                          Aaron Siri, DC Bar No. NY0537
                                          Elizabeth A. Brehm, DC Bar No. NY0532

                                          Siri & Glimstad LLP
                                          745 Fifth Avenue, Suite 500
                                          New York, New York 10151
                                          Tel: (212) 532-1091
                                          aaron@sirillp.com
                                          ebrehm@sirillp.com