UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT F. KENNEDY, JR.,<br><br>   *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>   *Defendants*. | Civil Action No. 24-1777 (PLF) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the United States Department of Homeland Security ("DHS") and the United States Secret Service ("USSS"), by and through undersigned counsel, respectfully submit the following answer to the Complaint filed by Plaintiff Robert F. Kennedy, Jr. under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA.

**THIRD DEFENSE**

The Complaint should be dismissed for failure to exhaust administrative remedies to the extent any required fees related to the processing of the request have not been paid.

**FOURTH DEFENSE**

Plaintiff's request for expedited treatment is moot in light of the recent decision that the USSS will provide protection to Plaintiff.  See https://apnews.com/article/biden-election-rfk-baf2281a888d736a50d78a3ae4188521 (last visited July 18, 2024).

**FIFTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

**RESPONSES TO NUMBERED PARAGRAPHS**

**JURISDICTION AND VENUE[1]**

1. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

2. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district for actions brought under FOIA.

**PARTIES**

3. Defendants admit the allegations in this paragraph.

4. Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f).  The remaining allegations in this paragraph assert conclusions of law to which no response is required.

---

[1] For ease of reference, Defendant refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations those allegations are denied.

5. Defendants admit that USSS is a component of DHS, which is a federal agency within the meaning of 5 U.S.C. § 552(f). The remaining allegations in this paragraph assert conclusions of law to which no response is required.

6. Defendants admit that a FOIA request was submitted to DHS on behalf of Plaintiff dated March 1, 2024, and that a copy of the request is attached as Exhibit A to the Complaint. Defendants refer the Court to the FOIA request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of the request.

7. Defendants admit that a FOIA request was submitted to USSS on behalf of Plaintiff dated March 1, 2024, and that a copy of the request is attached as Exhibit B to the Complaint. Defendants refer the Court to the FOIA request for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of the request.

8. Defendants refer the Court to the requests for a complete and accurate statement of their content and deny the allegations in this paragraph to the extent inconsistent with the content of the requests.

9. Defendants admit that DHS sent a letter dated March 4, 2024 regarding the DHS request and that, among other things, the letter granted Plaintiff's request for expedited treatment. In further response, Defendants refer the Court to the March 4, 2024 letter, which is attached as Exhibit C to the Complaint, for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

10. Defendants admit that USSS sent a letter dated March 4, 2024 regarding the USSS request and that, among other things, the letter granted Plaintiff's request for expedited

treatment. In further response, Defendants refer the Court to that letter, which is attached as Exhibit D to the Complaint, for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent inconsistent with the content of that letter.

11. This allegation does not pertain to a FOIA request submitted to DHS or USSS and thus does not plead allegations of fact relevant to a FOIA claim against DHS or USSS to which a response would be required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. These allegations are predicated on a conclusion of law that, as of the filing date of the Complaint, Defendants were obligated to take the actions referenced in this paragraph. Accordingly, no response is required to those allegations. To the extent any response is required, Defendants aver that, on or about June 24, 2024, USSS produced records in response to FOIA request (File Number 20240519), which constituted its final response to the USSS request. As regards DHS, Defendants admit that, as of the filing date of the Complaint, DHS has not produced records in response to the DHS FOIA request or provided a final determination in response to that request, but Defendants deny any inference in this paragraph that, by failing to do so, DHS has failed to comply with any obligation under FOIA. To the extent this paragraph purports to represent the basis on which expedited treatment of the requests had been granted, Defendants refer the Court to the March 4, 2024 letters (Exs. C and D to the Complaint) for a complete and accurate statement of their content and deny any allegation in this paragraph related to decision to grant expedited treatment that is inconsistent with the content of those letters.

## **COUNT ONE**

13. Defendant incorporates its responses to paragraphs 1-12 above as if set forth fully herein.

14. This paragraph asserts conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

15. This paragraph asserts conclusions of law to which no response is required.

16. This paragraph asserts conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

The remainder of the Complaint asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for United States of America